**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERRY LEE MAYS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-CV-738-GKF-FHM |
| ) | |
| TULSA COUNTY COURTHOUSE ) | |
| OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On December 8, 2016, the Court received a document from Petitioner, a state inmate appearing pro se, titled "Question to the Northern District Court of Oklahoma" (Dkt. # 1). Petitioner identified his question as "Do: new law or change law grant new appeal?" Id. Based on the nature of Petitioner's filing, the Clerk of Court opened this 28 U.S.C. § 2254 habeas corpus action.

On December 30, 2016, Petitioner filed a motion to proceed in forma pauperis (Dkt. # 3). On January 3, 2017, Petitioner paid the $5.00 filing fee (Dkt. # 4) and filed an amended complaint (Dkt. # 5), as directed by the Court (Dkt. # 2). Because Petitioner paid the $5.00 filing fee, his motion to proceed in forma pauperis shall be declared moot.

In his amended petition, Petitioner states that he is challenging his convictions and sentences entered in Tulsa County District Court, Case No. CF-2004-4929. See Dkt. # 5 at 1. He identifies one claim, as follows:

> Ground One: Is the Justice Safety Valve Act new law and is Mr. Mays intitle [sic] [to] a new appeal because of it?
> House Bill No. 1518 codification; Justice Safety Valve Act Section 1. New law codified in Oklahoma Statutes as Section 985 of Title 22, Section 2 and 3 of this act make Mr. Mays' sentences illegal because it [is] not the mandatory minimum sentence of imprisonment and is a substantial injustice to the defendant. Section 571 of Title 57 of Act.

Id. at 5. In Case No. CF-2004-4929, a jury convicted Petitioner of Shooting With Intent to Kill (Counts 1 and 4), Possession of Firearm After Former Conviction of a Felony (Count 2), and Assault and Battery (Count 3), all After Former Conviction of Two or More Felonies. On April 25, 2005, the trial judge sentenced Petitioner, in accordance with the jury's recommendation, to forty (40) years imprisonment on each of Counts 1 and 4, thirty (30) years imprisonment on Count 2, and ninety (90) days in custody at the Tulsa County Jail on Count 3, with the sentences to be served consecutively. Thereafter, the Oklahoma Court of Criminal Appeals modified Petitioner's sentences for Counts 1 and 4 to thirty (30) years imprisonment because Petitioner's jury was not instructed on the applicability of the 85% Rule.

In the instant case, the Court has reminded Petitioner that, in a prior habeas corpus action, N.D. Okla. Case No. 07-CV-671-GKF-PJC, the Court considered the legality of Petitioner's detention resulting from convictions entered in Tulsa County District Court, Case No. CF-2004-4929. See Dkt. # 2. Furthermore, the Court has dismissed a subsequent habeas petition, filed in N.D. Okla. Case No. 14-CV-113-TCK-TLW, challenging those same convictions for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit.[1] As a result, the petition filed in this case is a successive habeas petition and Petitioner was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition. 28 U.S.C. § 2244(b)(3)(A); see also Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013). Petitioner does not allege and nothing in the record suggests that he obtained the necessary authorization prior

---

[1]Given Petitioner's history of filing successive habeas corpus petitions, he should have realized that filing a successive petition in this Court without receiving authorization from the Tenth Circuit is improper. See Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

to commencing this action. As a result, this Court lacks jurisdiction to consider Petitioner's successive filing. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." Cline, 531 F.3d at 1252. The court in Cline discussed factors to be considered in determining whether a transfer is in the interest of justice. See id.

Upon consideration of the appropriate factors, the Court finds that a transfer of this petition to the court of appeals for authorization under § 2244(b)(3) is not warranted. Petitioner's claim challenges the effect of a "new law," Okla. Stat. tit. 22, § 985, et seq., on his sentences entered in Tulsa County District Court, Case No. CF-2004-4929. The new law cited by Petitioner became effective November 1, 2015, more than ten (10) years after Petitioner was sentenced, and provides state judges with discretion, in certain circumstances, to depart from applicable mandatory minimum sentences. See Okla. Stat. tit. 22, § 985.1(A). However, specific types of convictions are excluded, including convictions for crimes of violence and convictions involving the use of a firearm. See Okla. Stat. tit. 22, § 985.1(B)(1), (3). Petitioner's convictions for Shooting With Intent to Kill in Case No. CF-2004-4929 are crimes of violence involving the use of a firearm. See Okla. Stat. tit. 57, § 571(2)(e). Therefore, even if the "new law" applied retroactively, it would not apply to Petitioner's sentences in Case No. CF-2004-4929. Petitioner's ground of error is patently without merit and a transfer of this petition to the Tenth Circuit Court of Appeals is not in the interest of justice. The petition, as amended, shall be dismissed without prejudice for lack of jurisdiction.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals is debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion to proceed in forma pauperis (Dkt. # 3) is **declared moot**.

2. The petition (Dkt. # 1), as amended petition (Dkt. # 5), is **dismissed without prejudice** for lack of jurisdiction as a successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 5th day of January, 2017.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT